**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ELIZABETH M. FLOOD,

        Plaintiff,

v.

NORTHEAST ILLINOIS REGIONAL
COMMUTER RAILROAD CORPORATION
d/b/a METRA, and SUE-ANN ROSEN,
individually,

        Defendants.

Case No. :


**Trial by Jury Demanded**

## **COMPLAINT**

NOW COMES the Plaintiff, ELIZABETH M. FLOOD, by and through her attorneys, The Case Law Firm, LLC, for her Complaint at Law against Defendants NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA and SUE-ANN ROSEN, individually, states and alleges as follows:

### **Introduction**

1.      This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (hereinafter "ADEA"), the United States Constitution, and the Illinois common law.

### **Jurisdiction and Venue**

2.      Jurisdiction is conferred on this Court by the above-named statute, as well as by 28 U.S.C. § 1331 and § 1367. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

**Factual Allegations**

3.      Plaintiff Elizabeth M. Flood ("Plaintiff") is fifty-nine (59) years old.

4.      Plaintiff is a citizen of the United States residing in Chicago, Cook County, Illinois.

5.      At all relevant times, Plaintiff qualified for the protections of the ADEA.

6.      Defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra ("Metra" or "the Company") is an Illinois governmental entity qualified and doing business in Chicago, Cook County, Illinois.

7.      At all relevant times, Metra was an "employer" subject to coverage under the aforementioned statute.

8.      Defendant Sue-Ann Rosen ("Rosen") is a citizen of the United States residing in Cook County, Illinois.

9.      Plaintiff began working for Metra on or around October 2, 1995 as a real estate attorney.  During her employment, Plaintiff always met and exceeded performance expectations and received a number of promotions.

10.     In or around May of 2014, Plaintiff was promoted to Assistant Deputy General Counsel, becoming one of the top three attorneys in Metra's Law Department and overseeing the Railroad, Real Estate and Grants Division.  In that role, she supervised three attorneys and two paralegals.

**Defendant Rosen Engages in a Pattern and Practice of Age Discrimination**

11.     Defendant Rosen became Metra's General Counsel in June 2013.

2

12.     Prior to serving as General Counsel, Defendant Rosen worked for Metra as the Head of the Litigation Department. In that role, Defendant Rosen terminated and/or forced a number of employees over the age of 50 within her Department to resign. Defendant Rosen continued this practice after she assumed the role of General Counsel in June 2013.

13.     Defendant Rosen prided herself in terminating and/or forcing others to resign. In fact, Defendant Rosen displayed in her office the nameplates of employees who she had terminated or forced to resign. The majority of the individuals whose names were on those nameplates were older employees.

14.     In or around March of 2015, Defendant Rosen began accusing Plaintiff and two of her staff attorneys, both of whom were in their fifties, of not having enough work to do. She also started subjecting them to unjustified performance scrutiny and criticisms.

15.     Then, on or around April 23, 2015, Defendant Rosen falsely accused Plaintiff of a number of performance failings, including failing to adequately and timely prepare materials for a legal matter; lying to Defendant Rosen about another legal matter; and sending legal matters to outside counsel without authorization. Defendant Rosen communicated these accusations to a number of Plaintiff's peers and superiors in an apparent effort to force Plaintiff to resign.

16.     Before this, in her nearly twenty years of employment, Plaintiff had never received any negative performance reprimands, and instead, had always received "exceptional" or "exceeds expectations" ratings.

17.     While Defendant Rosen targeted older employees for termination, she openly and consistently favored younger employees. As both the Head of the Litigation Department and

3

General Counsel, Defendant Rosen hired only substantially younger attorneys and legal staff members in their thirties (30s) or early forties (40s).

<u>**Plaintiff Complains of Age Discrimination
and Defendants Retaliate Against Her**</u>

18. In late April or early May, after Defendant Rosen falsely accused her of the variety of performance failings, Plaintiff lodged an age discrimination complaint with Defendant Metra's EEO Office. After that, the EEO officer set up a meeting between her, Plaintiff and Don Orseno, Defendant's CEO to discuss Plaintiff's concerns.

19. On or around May 13, 2015, Defendant Rosen told Plaintiff to ask one of her older subordinates when he planned to retire. Plaintiff refused to do so because she felt doing so would be discriminatory.

20. Two days later, on or around May 15, 2015, Metra placed Plaintiff on administrative leave.

21. On or around May 19, 2015, Plaintiff's counsel spoke to both Defendant Rosen and Metra's in-house employment counsel and raised concerns regarding Defendant Rosen's treatment of older employees.

22. Less than one month later, on or around June 10, 2015, Metra levied termination charges against Plaintiff that were communicated to a number of individuals internally, falsely accusing her of serious performance deficiencies and improprieties. Those false accusations included making false representations to her supervisor regarding the quality and/or quantity of the work performed, negligence in the performance of her duties, insubordination, dishonesty, failure to exercise good judgment, and violations of Metra's policies. Plaintiff denied all of these charges.

**Defendant Metra denies Plaintiff her right to Due Process**

23. Plaintiff had a property interest in her job and was entitled to a fair and impartial pre-termination hearing.

24. In carrying out this procedure, Defendant Metra refused to choose a neutral hearing officer, instead choosing an attorney from a defense firm to whom it annually pays hundreds of thousands of dollars in outside counsel fees to act as the hearing officer.

25. Defendant Metra also refused to provide Plaintiff with full access to or copies of the documents about which it intended to question Plaintiff. As a result, Plaintiff was not afforded a fair opportunity to respond to the charges against her.

26. Shortly thereafter, on or around September 4, 2015, Defendant Metra terminated Plaintiff's employment, claiming that the termination charges against her were "substantiated" with no further explanation.

**Plaintiff's Exhaustion of Administrative Prerequisites**

27. Plaintiff filed a Charge of Discrimination with the EEOC on September 28, 2015, alleging age discrimination and retaliation and alleging a pattern and practice of discriminatory and retaliatory conduct by Defendant Metra. Attached as Exhibit 1 is a copy of that Charge.

28. Plaintiff received her Notice of Right to Sue from the EEOC on January 22, 2016. Attached as Exhibit 2 is a copy of that Notice.

**COUNT I**
**AGE DISCRIMINATION IN VIOLATION OF THE ADEA**
**AGAINST DEFENDANT METRA**

29. Plaintiff incorporates by reference the preceding paragraphs 1 through 28 as though fully set forth in this Count I.

5

30. Defendant Metra has engaged in a pattern and practice of intentionally discriminating against older employees including Plaintiff on the basis of age in violation of the ADEA.

31. Metra subjected Plaintiff to this discrimination by placing her on administrative leave, levying false charges of termination against her, and ultimately, terminating her employment.

32. Defendant Metra committed the aforesaid discriminatory acts with malice or with reckless indifference to Plaintiff's federally protected rights under the ADEA.

33. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and loss of other employment benefits, great expense, emotional distress, humiliation, embarrassment and future lost income and benefits.

**WHEREFORE,** Plaintiff requests that this Court:

    A. Enter a finding that Plaintiff was subjected to age discrimination in violation of the ADEA;

    B. Enter a finding that Defendant Metra willfully engaged in the age discrimination with malice and reckless indifference for Plaintiff's rights under the ADEA;

    C. Award Plaintiff lost wages and lost benefits;

    D. Award Plaintiff front pay as appropriate;

    E. Award Plaintiff liquidated damages in an amount to be proven at trial;

    F. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

    G. Award Plaintiff prejudgment interest; and

H.  Award Plaintiff any further relief this Court deems to be just and appropriate.

<u>**COUNT II**</u>
<u>**RETALIATION IN VIOLATION OF THE ADEA**</u>
<u>**AGAINST DEFENDANT METRA**</u>

34.  Plaintiff incorporates the preceding paragraphs 1 through 28 as though fully set forth in this Count II.

35.  Plaintiff engaged in protected activity when, through counsel acting on her behalf, she complained of age discrimination.

36.  As a result of Plaintiff's complaints, Defendant Metra terminated her.

37.  Defendant Metra knowingly and willfully engaged in this retaliatory conduct with malice or reckless indifference to Plaintiff's federally protected rights under the ADEA.

38.  As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliation, embarrassment and future lost income and benefits.

**WHEREFORE,** Plaintiff requests that this Court:

A.  Enter a finding that Plaintiff was subjected to retaliation in violation of the ADEA;

B.  Enter a finding that Defendant Metra engaged in the retaliation with malice and reckless indifference for Plaintiff's rights under the ADEA;

C.  Award Plaintiff lost wages and lost benefits;

D.  Award Plaintiff front pay as appropriate;

E.  Award Plaintiff liquidated damages in an amount to be proven at trial;

F.  Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

G.  Award Plaintiff prejudgment interest; and

H.  Award Plaintiff any further relief this Court deems to be just and appropriate.

**COUNT III**
**DEFAMATION IN VIOLATION OF ILLINOIS COMMON LAW**
**AGAINST DEFENDANTS METRA AND ROSEN**

39.  Plaintiff incorporates by reference the preceding paragraphs 1 through 28 as though fully set forth in this Count III.

40.  Defendant Rosen's false statements about Plaintiff and her performance are defamatory *per se* in that they impute to Plaintiff a want of integrity in the discharge of her duties and/or prejudice Plaintiff and impute a lack of ability in her trade.

41.  Defendants Metra and Rosen publicized these statements to Plaintiff's colleagues and others without privilege.

42.  Defendants Metra and Rosen made these statements with actual malice and full knowledge of their falsity.

43.  As a direct and proximate result of Defendants' false and defamatory statements, Plaintiff has suffered damage to her reputation, emotional distress, humiliation, and embarrassment.

**WHEREFORE,** Plaintiff requests that this Court:

A. Enter a finding that Defendants defamed Plaintiff;

B. Award Plaintiff damages resulting from Defendants' false and defamatory statements in an amount to be proven at trial;

C. Award Plaintiff punitive damages in an amount to be proven at trial;

D. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

E. Award Plaintiff any further relief this Court deems to be just and appropriate.

## COUNT IV
## FALSE LIGHT INVASION OF PRIVACY
## IN VIOLAITON OF ILLINOIS COMMON LAW
## AGAINST DEFENDANTS METRA AND ROSEN

44. Plaintiff incorporates by reference the preceding paragraphs 1 through 28 as though fully set forth in this Count IV.

45. Defendant Metra's and Rosen's false statements about Plaintiff and the performance of her job gave publicity to a matter concerning Plaintiff which placed her in a false light before the public.

46. The false light in which Defendants' statements placed Plaintiff would be highly offensive to a reasonable person.

47. Defendants acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff would be placed.

48. As a direct and proximate result of Defendants' actions which have placed Plaintiff in a false light before the public, Plaintiff has suffered damage to her reputation, emotional distress, humiliation, and embarrassment.

**WHEREFORE,** Plaintiff requests that this Court:

A. Enter a finding that Defendants placed Plaintiff in a false light before the public;

B. Award Plaintiff damages resulting from Defendants' conduct in placing Plaintiff in a false light before the public in an amount to be proven at trial;

9

C. Award Plaintiff punitive damages in an amount to be proven at trial;

D. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

E. Award Plaintiff any further relief this Court deems to be just and appropriate.

## COUNT V
## DUE PROCESS VIOLATIONS
## AGAINST DEFENDANT METRA

49. Plaintiff incorporates by reference the preceding paragraphs 1 through 28 as though fully set forth in this Count V.

50. Plaintiff had a property interest in her job and, as such, was entitled to a fair and impartial hearing prior to her termination.

51. Defendant Metra denied Plaintiff her right to due process when it refused to choose a neutral hearing officer and when it refused to provide her with copies of the documents that it intended to use against her in the hearing.

**WHEREFORE,** Plaintiff requests that this Court:

A. Enter a finding that Defendant Metra violated Plaintiff's constitutionally protected right to due process;

B. Award Plaintiff lost wages and lost benefits;

C. Award Plaintiff any and all other relief available to her.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully submitted,

ELIZABETH M. FLOOD

By:   /s/ Kristin M. Case
One of Plaintiff's Attorneys

Kristin M. Case
Kate Sedey
Kendra L. Kutko
The Case Law Firm, LLC
250 S. Wacker Drive, Suite 230
Chicago, Illinois 60606
Telephone (312) 920-0400
Facsimile (312) 920-0800